**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

EDWIN L. PATILLO,                  :
                                   : Civil Action No. 07-5910(JBS)
        Plaintiff,                 :
                                   :
                                   :
        v.                         :  **OPINION**
                                   :
ALEXUS SMITH, et al.,              :
                                   :
        Defendants.                :

**APPEARANCES**:

> EDWIN L. PATILLO, Plaintiff pro se
> #41226-050
> Federal Detention Center
> P.O. Box 562
> Philadelphia, PA 19105

**SIMANDLE**, District Judge

Plaintiff Edwin L. Patillo ("Patillo"), currently confined at the Federal Detention Center in Philadelphia, Pennsylvania at the time he submitted this Complaint for filing, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

## I.   BACKGROUND

Patillo brings this action against defendants, Alexus Smith, an Atlantic City police officer; Ava Davenport, Atlantic City Police Department Custodian of Records; and Barbara Black Taylor, Atlantic City police officer/Internal Affairs.  (Complaint, Caption and ¶¶ 1-3).  The following factual allegations by plaintiff are taken from the Complaint and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Patillo alleges that Officer Smith fabricated evidence pertaining to an identification photograph.  Patillo states that Smith used the purported photograph to identify plaintiff as the suspect from whom he had purchased drugs.  However, the photograph allegedly did not exist on file at the time Smith claims to have made the identification.  (Compl., ¶ 1).

Next, Patillo contends that defendant Taylor also fabricated the photograph evidence by informing plaintiff that the

photograph was in the office database.  The photograph was said to be a May 24, 1997 booking photo taken of plaintiff during his arrest on that date.  (Compl., ¶ 2).

Finally, Patillo alleges that defendant Davenport intentionally withheld information from plaintiff pertaining to the non-existence of the identification photograph.  Patillo had repeatedly requested the file photograph as evidence at his criminal trial.  (Compl., ¶ 3).

Patillo seeks punitive and compensatory damages in the amount of $23 million.  (Compl., Relief).

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United

States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim

but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.   <u>SECTION 1983 ACTIONS</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

There is no question that the named defendants are state actors because they are government officials with the Atlantic City Police Department. Therefore, the Court will turn to address the claims asserted by plaintiff.

## IV.  ANALYSIS

In his Complaint, Patillo alleges that a file photograph used by defendant Smith to identify plaintiff as the suspect who sold drugs to him was allegedly fabricated. It would appear from the claims asserted that plaintiff is attempting to invalidate his conviction by questioning the credibility of the officer's identification of plaintiff and the other defendants in allegedly trying to cover-up the issue.

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. 411 U.S. at 476. The prisoners did not seek compensatory damages for the loss of their credits. 411 U.S. at 494. The Court held that "when a state prisoner is

challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, *i.e.*, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983 (a form of relief not available through a habeas corpus proceeding). The Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Id.</u> at 489-90.

Here, Patillo's request for money damages for alleged violations concerning his identification by a police officer is an attempt to challenge the fact of his confinement. Thus, in accordance with <u>Preiser</u>, his claims must be brought in a habeas petition, pursuant to 28 U.S.C. § 2254, after exhaustion of state court remedies. Likewise, Patillo's request for money damages is barred by <u>Heck</u>, until Patillo receives a favorable outcome in his habeas case or otherwise has his claims adjudicated in his favor. Accordingly, Patillo's claims are not cognizable at this time and must, therefore, be dismissed without prejudice.

## V.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint will be dismissed without prejudice for failure to state a claim at this

time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

An appropriate order follows.

                                              **s/ Jerome B. Simandle**
                                              JEROME B. SIMANDLE
                                              United States District Judge

Dated: **December 26, 2007**