```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW JERSEY
```

EDWIN L. PATILLO,              :     HON. JEROME B. SIMANDLE
              Plaintiff,       :     Civil No. 07-5910 (JBS/AMD)
     v.                        :
                               :     **MEMORANDUM OPINION**
ALEXUS SMITH, et al.,          :
              Defendants.      :

**SIMANDLE,** Chief Judge:

   This matter is before the Court on the motion of Plaintiff Edwin L. Patillo for a subpoena and an extension of time to file a proposed amended complaint [Docket Item 11]. THE COURT FINDS AS FOLLOWS:

   1. Plaintiff filed his original Complaint in this action on December 12, 2007. [Docket Item 1.] Plaintiff alleged that the Defendants fabricated evidence in the form of an allegedly non-existent photograph (apparently a booking photograph dated May 24, 1997) which formed the basis of a state criminal conviction, and that other Defendants conspired to cover up the fabrication. He sought relief of $23 million in damages.

   2. On December 26, 2007, the Court dismissed Plaintiff's Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and § 1915A. [Docket Items 3 & 4.] The Court concluded that the Plaintiff's claim was barred by Supreme Court precedent. Because Plaintiff was seeking money damages for

alleged constitutional violations in an underlying criminal conviction, that Plaintiff's Complaint challenged the fact of his confinement, and that Plaintiff's challenged state conviction had not been overturned on direct appeal or called into question on collateral habeas corpus review, his claims were barred under the doctrines of Preiser v. Rodriguez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994).  Thus, the Court concluded that "until Patillo receives a favorable outcome in his habeas case or otherwise has his claims adjudicated in his favor" his claims were barred.  Dec. 26, 2007 Opinion at 8.

3.  On September 23, 2011, Plaintiff requested leave to file an amended complaint, stating that he had recently learned that the same allegedly fabricated May 24, 1997 booking photograph had been used in a separate investigation beginning on July 27, 2005, which resulted in an indictment against him, which was subsequently dismissed by the prosecutor on September 25, 2009. [Docket Item 9.]  On the basis of these alleged facts, Plaintiff sought leave from the Court to file an amended complaint.  On November 14, 2011, the Court granted Plaintiff leave to file an amended complaint "which attempts to cure the pleading deficiencies" articulated in the Court's December 26, 2007 Opinion and Order.  [Docket Item 10.]

4.  Plaintiff now seeks a subpoena for records from various New Jersey city police departments, because, he claims, such

2

records are necessary to adequately and sufficiently amend his complaint.  Plaintiff additionally requests an extension of time to file his amended complaint to permit such discovery to take place.

     5.   The Court will deny Plaintiff's request for a subpoena of records.  The Court finds Plaintiff's request premature in this action.  Under the Federal Rules of Civil Procedure, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" which takes place after, among other things, the complaint has been served on the defendants and the defendants have entered their appearance.  Fed. R. Civ. P. 26(d)(1).  In the present action, Plaintiff has not yet filed his proposed amended complaint, much less served it on any identified defendants.  Thus, the Court will not expose any non-parties identified by Plaintiff to the expense and burden of complying with a discovery order at this premature stage.

     6.   Furthermore, Plaintiff has not demonstrated a need for such discovery at this stage.  The Federal Rules of Civil Procedure do not require that Plaintiff produce evidence at the pleading stage, but merely state, in a short and plain statement, a claim showing that he is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Therefore, the documentary evidence apparently sought by Plaintiff in his motion is not necessary to drafting an amended complaint.

7.  The Court reminds Plaintiff that to cure the shortcomings of his prior Complaint, any amended complaint should include an allegation that any indictment, prosecution, or conviction that Plaintiff challenges or calls into question has been dismissed prior to trial, vacated on appeal, or otherwise resolved in his favor on collateral review.

8.  The Court will grant Plaintiff an additional 30 days to submit his proposed amended complaint.

The accompanying Order shall be entered.

**January 13, 2012**            **s/ Jerome B. Simandle**
Date                            JEROME B. SIMANDLE
                                Chief U.S. District Judge