IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN L. PATILLO, | Civ. No. 07-5910 (RMB-AMD) |
| Plaintiff | |
| v. | **MEMORANDUM AND ORDER** |
| FEDERAL BUREAU OF PRISONS, | |
| Defendant | |

On December 12, 2007, Plaintiff opened this action by filing a prisoner civil rights complaint alleging, among other things, that Atlantic City Police Officer Alexus Smith fabricated photographic evidence, an alleged 1997 booking photograph, to identify Plaintiff as the person from whom he had purchased drugs. (Compl., Docket No. 1.) The late Honorable Jerome B. Simandle dismissed the complaint without prejudice based on *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, claims brought under 42 U.S.C. § 1983 for money damages, when success on such claims would invalidate a criminal conviction, are not cognizable until the plaintiff obtains a favorable termination of the criminal conviction. (Opinion, Docket No. 3 at 7-8.) This matter was closed on February 29, 2012. (Order, Docket No. 19.) It may be reopened upon the favorable termination of the criminal conviction that was the subject of the original complaint.

This matter comes before the Court upon Plaintiff's motions to amend his civil complaint. (Docket Nos. 27, 28.) In his motion to amend filed on December 12, 2022,

Plaintiff submits that all counts of his federal sentences were "impermissibly vacated pursuant to 404 of the First Step Act on September 9, 2019 by District Judge Robert B. Kugler." (Docket No. 27 at 2.) Plaintiff further alleges:

> that he is now being illegally detained at South Woods State Prison based in fact upon the State sentence having expired December 31, 2018, with good time credits (Case# 08-05 1248-I) Both the NJDOC and NJSPB has gotten involved with the State sentence purporting that said sentence was amended to be consecutive to the future anticipated Federal sentence. However, there were no *amended* orders provided by any Court in making that determination.
>
> In fact, no sentences existed when Plaintiff was sentenced by the Superior Court on July 14, 2008, Case# 08-05-1248-1. More importantly, the totality of the evidence contained in Case # 06-04-0785-B, which has formed the basis of several suppression hearings; Miranda hearing and the appeal was ultimately utilized in Case # 08-05-1248-1. However, Case # 06-04-0785-B was ultimately dismissed on September 25, 2009. See Order. Surprisingly, State Prosecutor Curtis Baker had requested the Superior Court to utilize and consider the dismissed evidence in Case# 06-04-0785-B in the instant case #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-1. See June 16, 2011 brief.

(*Id.*)

In his subsequent motion to amend the complaint, filed on December 29, 2022, Plaintiff alleges this Court misinterpreted his earlier motion to amend the complaint. (Docket No. 28.) Plaintiff explains that he is not challenging his state court conviction, he is challenging his illegal confinement after expiration of his sentence. (*Id.*)

The proper vehicle for a state prisoner to challenge present physical confinement based on improper calculation of his sentence is a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See, e.g., Parks v. Attorney General of New Jersey*, Civ. No. 22-

4305 (NLH), 2022 WL 5169950 (D.N.J. Oct. 5, 2022). This Court will direct the Clerk to file a copy of Petitioner's motions to amend in a new habeas action under 28 U.S.C. § 2254.  In most cases, the proper respondent to such an action is the warden of the facility where the Petitioner is confined.  *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Thus, Petitioner shall identify the proper respondent in an amended habeas petition to be submitted on this Court's form. The filing fee for such a petition is $5.00.  28 U.S.C. § 1914(a). Therefore, the Court will administratively terminate the new habeas proceeding, subject to reopening upon Plaintiff's payment of the filing fee or submission of an IFP application under 28 U.S.C. § 1915(a), and submission of an amended habeas petition on this Court's form, naming the proper respondent.

**IT IS** therefore on this **25th day of January 2023**,

**ORDERED** that the Clerk shall reopen this matter solely for entry of this Order; and it is further

**ORDERED** that Plaintiff's motions to amend the civil complaint (Docket Nos. 27 and 28) are **DENIED**; and it is further

**ORDERED** that the Clerk shall open a new habeas proceeding under 28 U.S.C. § 2254 and docket Plaintiff's motions to amend (Docket Nos. 27, 28)  in the new action, with a Docket Entry "Habeas Petition"; and it is further

**ORDERED** that the Clerk shall administratively terminate the new habeas action, subject to reopening upon Plaintiff's submission of his amended habeas petition on this Court's form, and payment of the $5 filing fee or submission of a properly completed application to proceed *in forma pauperis* under 28 U.S.C. §

1915(a); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order, and a blank form "Petition for Relief From a Conviction or Sentence By a Person in State Custody" upon Plaintiff by regular U.S. mail; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter.

                                                    s/Renée Marie Bumb
                                                    **RENÉE MARIE BUMB**
                                                    **United States District Judge**