IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EDWIN L. PATILLO, | Civ. No. 07-5910 (RMB-AMD) |
| Plaintiff | |
| v. | **MEMORANDUM AND ORDER** |
| ALEXUS SMITH, et al., | |
| Defendants | |

**I.     BACKGROUND**

On December 12, 2007, Plaintiff opened this action by filing a prisoner civil rights complaint alleging, among other things, that Atlantic City Police Officer Alexus Smith fabricated photographic evidence, an alleged 1997 booking photograph, which she used in his criminal prosecution to identify Plaintiff as the person from whom she had purchased drugs. (Compl., Docket No. 1.)  The late Honorable Jerome B. Simandle dismissed the complaint without prejudice based on *Heck v. Humphrey*, 512 U.S. 477 (1994).  (Opinion, Docket No. 3 at 7-8.)  Pursuant to *Heck,* the Court stated that Plaintiff's claims brought under 42 U.S.C. § 1983 for money damages, if successful on the merits, would invalidate his criminal conviction and were not cognizable until he obtained a favorable termination of the criminal conviction.  (*Id.*)  Plaintiff was granted leave to file an amended complaint within 30 days.  (Order, Docket No. 4.)  Instead, Plaintiff filed repeated discovery requests.  (Motion for Subpoena, Docket No. 11; Mot. for Production, Docket No. 17.)  This matter was closed on February 29,

2012, as a sanction for failing to comply with the Court's order to file a timely amended complaint. (Order, Docket No. 19.)

Approximately ten years later, Plaintiff sought to reopen this case and file an amended complaint. (Motions to Amend, Docket No. 27, 28.) By Order dated January 25, 2023, this Court denied Plaintiff's motions to amend his civil rights complaint, but directed the Clerk to open a habeas action under 28 U.S.C. § 2241, permitting Plaintiff to pursue his release from allegedly illegal custody beyond the expiration of his sentence. (Order, Docket No. 29.)

This matter in now before the Court upon Plaintiff's Motion to Correct 1/25/2023 Order ("Mot. to Correct" Docket No. 30), Plaintiff's "Motion to Reopen and to Supplement and or Amend 42 USC 1983" ("Mot. to Reopen" Docket No. 31), Plaintiff's "Memorandum in Support of Reopening and Amending 42 USC 1983 Civil Claim" ("Pl's Mem." Docket No. 32), and Plaintiff's letter (Docket No. 33.) The gravamen of these filings is that Plaintiff wishes to reopen this matter and pursue the following civil rights claims for money damages: (1) against the New Jersey Department of Corrections ("NJDOC") for holding him beyond the expiration of his state court sentence; (2) against South Woods State Prison for inhumane conditions in the prison in 2023; (3) against the New Jersey State Parole Board for deliberately misrepresenting facts referencing his State sentence [resulting in the NJDOC holding him beyond his expiration date]; and (4) against the Atlantic City Police Department ("ACPD") for fabrication of evidence, a booking photograph that was relinquished to federal authorities in a federal narcotics indictment, No. 1-06-cr-611, and was shown to

2

the jury in Plaintiff's federal trial.

## II.    DISCUSSION

### A.    Plaintiff's Fabrication of Evidence Claim is *Heck*-Barred

Plaintiff seeks to amend his original complaint against Defendants Alexus Smith, Ava Davenport and Barbara Black Taylor to bring a § 1983 claim against the Atlantic City Police Department ("ACPD"). Plaintiff alleges the following facts in support of his proposed claim against ACPD for:

> fabricating and manufacturing a purported May 24, 1997 ACPD file booking photograph under case #97067605. The mentioned photograph was relinquished to federal authorities in a federal narcotics indictment, 1:06-cr-611, in which ACPD Officer, Alexus Smith, claimed to have utilized the May 24, 1997 booking photograph to identify Plaintiff as the individual to whom she had purchased cocaine on July 24, 2003 and July 30, 2003. The mentioned photograph was eventually shown to the federal jurors and into evidence at Plaintiff's federal trial. Internal reliable information directly from the ACPD had confirmed that the mentioned photograph never existed at the ACPD, but came into existence eight years later at a neighboring police agency, Absecon Police Department.

(Docket No. 30 at 1-2.) Plaintiff acknowledges that he was convicted and sentenced in Criminal Action No. 06-cr-611 by the Honorable Robert B. Kugler. (*Id.* at 2.)

This Court construes Plaintiff's proposed § 1983 claim against the ACPD as arising under the Due Process Clause of the Fourteenth Amendment. The Due Process Clause protects "against criminal investigators' fabrication of inculpatory evidence against a defendant." *Mervilus v. Union Cnty.*, 73 F.4th 185, 196 (3d Cir. 2023) (citing *Pyle v. Kansas*, 317 U.S. 213, 216 (1942); *Mooney v. Holohan*, 294 U.S. 103 (1935)

3

(per curiam); *Halsey v. Pfeiffer*, 750 F.3d 273, 295 (3d Cir. 2014) (additional citations omitted).  "[I]f a defendant has been convicted at a trial at which the prosecution has used fabricated evidence, the defendant has a stand-alone claim under section 1983 based on the Fourteenth Amendment." *Halsey v. Pfeiffer*, 750 F.3d 273, 294 (3d Cir. 2014)); *accord Mervilus*, 73 F.4th at 193.  To prevail on such a claim,  a plaintiff must allege the criminal proceeding has ended in his favor or that the resulting conviction has been invalidated within the meaning of *Heck*. *McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019).  A plaintiff  "must [also] bring 'persuasive evidence supporting a conclusion that [the defendant was] aware that evidence is incorrect or that [it was] offered in bad faith." *Mervilus*, 73 F.4th at 194  (third alteration in original) (quoting *Black v. Montgomery County*, 835 F.3d 358, 372 (3d Cir. 2016) (quoting *Halsey*, 750 F.3d at 295).

This Court takes judicial notice[1] of the docket in *USA v. Patillo*, Criminal Action No. 1:06-cr-611-RBK-1 (D.N.J.) ("*USA v. Patillo*").  On August 14, 2008, judgment was entered against Plaintiff after he was convicted by a jury and sentenced to a 360-month term of imprisonment in this criminal case underlying his proposed due process claim.  *USA v. Patillo* (Judgment, Docket No. 122.)  This Court further takes judicial notice that on December 9, 2010, the Third Circuit affirmed the conviction.  *U.S. v. Patillo*, 403 F. App'x 761, 766 (3d. Cir. 2010).  The Third Circuit stated:

> During the trial, an Atlantic City police officer testified that she purchased crack cocaine from Patillo while working

---

[1] "A court may take judicial notice of an adjudicative fact if that fact is not subject to reasonable dispute. *See* Fed. R. Evid. 201(b)." *Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001).

4

> undercover. The officer also testified that she used a police photograph to identify Patillo as the person who sold crack cocaine to her. The District Court admitted this photograph into evidence.

*Id.* at 764. The Third Circuit reviewed the District Court's decision regarding the admission of evidence for abuse of discretion and held:

> The District Court did not abuse its discretion in admitting into evidence the police photograph of Patillo. The photograph was properly authenticated at trial: the Atlantic City police officer testified that she used the photograph to identify the Defendant as Edwin Patillo after she bought drugs from him while working undercover in July of 2003. This testimony by a witness with knowledge suffices to establish that the evidence was what the government claimed, i.e., the photograph that was used to establish Patillo's identity. *See* Fed. R. Evid. 901(b)(1) (providing that "[t]estimony that a matter is what it is claimed to be" by a "witness with knowledge" can authenticate evidence).
>
> Patillo's *pro se* brief makes the related argument that the photograph did not exist at the time the police allegedly used it to identify him, and that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding exculpatory evidence concerning the date of the photograph. To establish a *Brady* violation, "a defendant must show that (1) the government withheld evidence, either willfully or inadvertently; (2) the evidence was favorable, either because it was exculpatory or of impeachment value; and (3) the withheld evidence was material." *Lambert v. Blackwell*, 387 F.3d 210, 252 (3d Cir. 2004). Patillo fails to present any evidence suggesting that the photograph did not exist when the police used it to identify him.[2] Accordingly, Patillo's *Brady* claim fails.

*Id.* at 766.

---

[2] In a footnote, the Third Circuit stated, "[m]oreover, appellate counsel's investigation convincingly establishes that the photograph was in existence in July of 2003, when the police officer reviewed it to ascertain the identity of the person who had sold crack cocaine to her."

5

This Court also takes judicial notice of *Patillo v. United States of America*, Civ. Action No. 11-cv-00391-RBK (D.N.J.), where Plaintiff challenged the authenticity of his 1997 booking photograph in his motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Pet., Docket No. 1.) The Honorable Robert B. Kugler denied Plaintiff's claims, noting they had been addressed by the Third Circuit on appeal. *Patillo v. United States*, Civ. Action No. 11-cv-00391-RBK (D.N.J. June 7, 2012) (Opinion, Docket No. 40 at 7-8.)

Based on the above facts, filing an amended complaint to bring a Fourteenth Amendment fabrication of evidence claim is futile at this time because Plaintiff has not alleged that his federal conviction has been invalidated. Therefore, the Court will deny Plaintiff's motion to reopen this matter to file an amended complaint containing his fabrication of evidence claim.

### B.     Plaintiff's New Claims Are Not Properly Joined in this Action

Plaintiff's proposed Eighth Amendment conditions of confinement claim against South Woods State Prison and/or its employees, and his proposed due process claim against the NJDOC and New Jersey State Parole Board for holding him in custody beyond the expiration of his state sentence do not meet the requirements for permissive joinder of parties under Federal Rule of Civil Procedure 20(a)(2), which provides:

> (2) Defendants. Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or

>   series of transactions or occurrences; and
>
>   (B) any question of law or fact common to all defendants will arise in the action.

Plaintiff's proposed due process claim arises out of his federal/state sentence calculation, and his Eighth Amendment claims arise out of the conditions in South Woods State Prison, which are not the same transaction or occurrence and do not present questions of law or fact common to all defendants. Plaintiff must bring his proposed claims against the new defendants in new civil actions, subject to payment of the filing fee for a civil action or submission of a properly completed application to proceed without prepayment of fees under 28 U.S.C. § 1915(a).[3]

**IT IS** therefore on this **19th day of September 2023**,

**ORDERED** that the Clerk shall reopen this matter solely for entry of this Order; and it is further

**ORDERED** that Plaintiff's motion to correct and motion to reopen (Docket Nos. 30 and 31) are **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter, subject to reopening if Plaintiff can allege in an amended complaint, as an element of his Fourteenth Amendment fabrication of evidence claim, that his conviction has been invalidated within the meaning of *Heck*; and it is further

---

[3] This Court makes no findings as to whether Plaintiff's proposed new claims state viable § 1983 claims against properly named defendants.

**ORDERED** that the Clerk shall serve a copy of the Memorandum and Order upon Plaintiff by regular U.S. mail.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
**United States District Judge**